IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEXANDER ANTHONY VELASQUEZ,

    Petitioner,

vs.                                              No. CIV 22-0866 JB/GBW

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Letter-Motion Requesting Voluntary Removal of Court Case (dated January 29, 2023), filed February 6, 2023 (Doc. 4)("Letter-Motion"). Petitioner Alexander Anthony Velasquez initiated this case on November 15, 2022, by filing a Letter from Alexander Velasquez to the New Mexico District Court Requesting Habeas Forms and Challenging State Sentence Calculation (dated October 26, 2022), filed November 15, 2022 (Doc. 1)("Habeas Letter"). The Habeas Letter alleges that the New Mexico Corrections Department miscalculated Velasquez' State sentence. See Habeas Letter at 2. The Court referred this matter on December 5, 2022, to the Honorable Gregory Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico. See Order of Reference Relating to Prisoner Cases, filed December 5, 2022 (Doc. 2).

Magistrate Judge Wormuth entered an order on January 20, 2023, explaining that "a challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241." Order to Cure Deficiencies, filed January 20, 2023 (Doc. 3)("Cure Order")(quoting Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005)). Magistrate Judge Wormuth directed Velasquez to file his claims on the § 2241 form and address the $5.00 filing fee within thirty days of the Cure

Order's entry. See Cure Order at 1. In response, Velasquez filed the Letter-Motion. See Letter-Motion at 1. He states he is "not ready at this time to proceed" with a habeas proceeding and "request[s] to be withdrawn so that [he] may proceed at a later time." Letter-Motion at 1. Velasquez also asks the Clerk's Office to mail him "another petition [under] 28 U.S.C. § 2254." Letter-Motion at 1. The Clerk's Office previously mailed Velasquez a 28 U.S.C. § 2241 petition, rather than a § 2254 petition, but, in any event, the Clerk's Office will re-mail a blank copy of each pleading.

Regarding the request to withdraw, the Court discerns that Velasquez seeks to dismiss voluntarily the Habeas Letter without prejudice to refiling. Rule 41(a)(1) of the Federal Rules of Civil Procedure permits plaintiffs to dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Where the rule applies, the right to dismiss without prejudice is absolute. See Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003)(explaining that rule 41(a)(1) grants "an absolute right to dismiss without prejudice"). Courts regularly apply rule 41 to habeas corpus proceedings. See DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)(unpublished)[1](affirming district court's

---

[1] DeAtley v. Williams is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent that its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019), and Hodge v. Utah, 669 F. App'x 942 (10th

dismissal of habeas petition under Rule 41); Hodge v. Utah, 669 F. App'x 942 (10th Cir. 2016)(unpublished)(affirming district court ruling and noting "petitioner doesn't advance any contention of error in the district court's dismissal of his [habeas] case under Rule 41(b)"). Cf. Manygoat v. Jacobs, 347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under rule 41(b)).

Here, Velasquez has not served the Habeas Letter on the Respondent United States of America, no other party has entered an appearance or filed a responsive pleading, and the case is still in the screening phase. Accordingly, the Court will grant Velasquez' Letter-Motion and dismiss this case without prejudice.

**IT IS ORDERED** that: (i) the Petitioner's Letter-Motion Requesting Voluntary Removal of Court Case (dated January 29, 2023), filed February 6, 2023 (Doc. 4), is granted; (ii) the Letter from Alexander Velasquez to the New Mexico District Court Requesting Habeas Forms and Challenging State Sentence Calculation (dated October 26, 2022), filed November 15, 2022 (Doc. 1), is dismissed without prejudice; (iii) the Clerk's Office shall mail the Petitioner Alexander Anthony Velasquez blank copies of the form 28 U.S.C. § 2241 petition and the form 28 U.S.C. § 2254 petition; and (iv) the Court will enter a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

---

Cir. 2016), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

*Parties:*

Alexander Anthony Velasquez
Taylorsville, North Carolina

    *Petitioner pro se*